## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: R.W.**

**No. 13-0507** (Wood County 12-JA-145)

### MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel John Woods, from the Circuit Court of Wood County's order entered on April 12, 2013. The guardian ad litem for the child, G. Bradley Frum, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order. Petitioner filed a reply. Petitioner appeals the circuit court adjudicating him as an abusing parent, as well as the termination of his parental rights following the adjudication.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2008, the DHHR filed a petition for abuse and neglect in the Circuit Court of Gilmer County that alleged Petitioner Father abused and neglected two children. Petitioner's parental rights to those children were terminated by order entered February 11, 2009. That order indicated that petitioner was willing to voluntarily relinquish his parental rights, but had not yet completed the required forms to do so.[1] On October 6, 2012, R.W. was born. Within days, the DHHR filed a petition for abuse and neglect against petitioner and the child's mother, based upon prior terminations of parental rights for each parent. On November 9, 2012, petitioner agreed to a stipulation that states in relevant part:

> 6. [Petitioner] admits as follows:
> > a. In January, 2009, [petitioner's] parental and custodial rights and responsibilities to two children were terminated in Gilmer County.[2]

---

[1] Petitioner and R.W.'s guardian dispute whether the February of 2009 order was for an involuntary termination or a voluntary relinquishment of parental rights.

[2] At this point in the copy of the stipulation provided by petitioner in the record, there is a description of the two children from Ritchie County, and a notation that the DHHR had not been able to secure documentation of the allegations. However, the description was crossed out. The document appears to have been signed by the Assistant Prosecuting Attorney and is labeled "John Woods Copy." John Woods is petitioner's counsel.

b. These terminations were based in part upon grounds of not complying with services or participating in drug screens and [petitioner's] inability to care for the children.

7. Based upon this stipulation, [petitioner] admits that he has had his parental rights to his children terminated in the past within the meaning of the West Virginia Code 49-6-1 et. al. [sic]

The stipulation went on to describe petitioner's willingness to participate in an improvement period and states that it was in the best interest of the child to remain in the custody of the DHHR with petitioner receiving a six-month improvement period. The circuit court accepted petitioner's stipulation, adjudicated him to be an abusing parent, granted him a six-month improvement period, and entered an order dated November 14, 2012, stating that the circuit court informed petitioner

of the rights and procedures [he] would be waiving and forfeiting if this stipulation of facts is accepted by the Court, including the right to contest the allegations in the petition, the right to present in a hearing any evidence and testimony to refute the allegations, and the right to appeal any adverse adjudication. [Petitioner] then replied to the Court that [he] understood and knew the rights and privileges which would be waived and forfeited upon the Court's acceptance of the stipulation of facts, and that [he] had not been coerced or pressured into the admission[] and stipulation[].

Sometime between the adjudication and before a review hearing in February of 2013, petitioner was incarcerated for suspicion of breaking and entering. At the review hearing, the circuit court terminated petitioner's improvement period for inability to comply with the terms of the improvement period due to his incarceration. By order entered April 26, 2013, the circuit court terminated petitioner's parental rights to R.W., based upon the stipulation, petitioner's inability to comply with services as a result of his incarceration, and the best interest of the child. It is from this order that petitioner appeals, contesting his adjudication as an abusing parent.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

2

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that his stipulation did not admit that his prior termination was involuntary and, therefore, the prior termination cannot be a basis for him being adjudicated an abusing parent, absent specific allegations of abuse or neglect. Specifically, petitioner argues that his description of the prior termination did not specify the termination was involuntary and that the prior termination was a voluntary relinquishment. Petitioner further argues that the circuit court should have rejected the parties' stipulation that the prior termination was "based in part upon grounds of not complying with services or participating in drug screens and [petitioner's] inability to care for the children" because, petitioner argues, it was clear error to do so.

The circuit court was not clearly erroneous in finding that petitioner stipulated to a prior involuntary termination. While petitioner is correct that the word "involuntary" was never used in the stipulation, neither was his prior termination described as "voluntary" or as a "relinquishment." The stipulation referred to his termination as being "within the meaning of West Virginia Code § 49-6-1 et al.," but the procedure for voluntary relinquishment of parental rights is described in West Virginia Code § 49-3-1; and West Virginia Code § 49-6-1, *et seq.* addresses involuntary termination. Additionally, the circuit court's adjudication was supported by the fact that his stipulation included his participation in an improvement period, which would not be necessary without admitting that the prior termination constituted abuse to R.W. Further, we find that the circuit court was presented with sufficient evidence upon which it based its finding that there was no reasonable likelihood to believe that the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. At the time of disposition, it was unclear when or if petitioner would be able to participate in his improvement plan in the near future. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II